DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1915.

Thomas J. Healy, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

Gen. No. 20,322. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 8, 1915. Rehearing denied December 21, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Thomas J. Healy, administrator of the estate of Michael Moriarity, deceased, plaintiff, against the Chicago City Railway Company, defendant, in the Superior Court of Cook county, to recover for the death of plaintiff's intestate as a result of the alleged wrongful act of defendant. From a judgment for plaintiff for $5,000, defendant appeals.

FRANKLIN B. HUSSEY and CHARLES LEROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

CASWELL & HEALY, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

(1)

# Abstract of the Decision.

1. DEATH, § 73*—*when instruction on negligence properly refused as misleading.* In an action to recover for the death of plaintiff's intestate caused by injuries received while a passenger on defendant's electric car, an instruction to the effect that evidence that an accident has occurred is not evidence of negligence on the part of defendant, *held* properly refused, as tending to mislead and confuse the jury, in that it singled out one item of evidence and stated that a certain conclusion would follow therefrom.

2. TRIAL, § 155*—*province of jury to weigh conflicting evidence.* Where the evidence is conflicting, a question of fact for the jury is presented.

3. TRIAL, § 155*—*province of jury to determine weight and truth of evidence.* It is always the province of the jury to determine the weight of evidence and the credibility of witnesses as well as the question as to which of the witnesses is better entitled to be believed.

4. APPEAL AND ERROR, § 1410*—*when verdict will not be disturbed on review.* Where the evidence is conflicting, a verdict of a jury will not be disturbed on review unless clearly and manifestly against the weight of the evidence.

5. CARRIERS, § 476*—*sufficiency of evidence as to negligent death.* In an action to recover for the death of plaintiff's intestate alleged to be due to the wrongful act of defendant, where the death of deceased was caused by being brought in contact with an iron pole standing near defendant's street railway track, deceased being at the time of the accident a passenger on one of defendant's electric cars, evidence examined and judgment for plaintiff *held* sustained by the evidence.

6. CARRIERS, § 480*—*whether person on car a passenger as question for jury.* In an action to recover for the death of plaintiff's intestate caused by injuries received while a passenger on defendant's electric car, the question whether at the time of receiving such injuries deceased was a passenger as alleged is for the jury.

7. CARRIERS, § 480*—*when contributory negligence of passenger question for jury.* In an action to recover for the death of plaintiff's intestate caused by injuries received while a passenger on defendant's electric car, the question whether recovery is barred by contributory negligence is for the jury.

8. APPEAL AND ERROR, § 1512*—*when remarks of court on credibility of witness harmless error.* In an action to recover for the death of plaintiff's intestate as a result of the wrongful act of defendant, the remark of the trial judge that a witness for plaintiff who was under cross-examination had stated a matter differently, which,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on exception to the remark, was followed by an examination of the witness in regard to the matter adverted to, *held* not prejudicial where the fact stated by the court was not denied by defendant and was borne out by the record, for the reason that the remark was natural and that when defendant excepted the court may have supposed that counsel took issue with him as to the correctness of witness' testimony, and hence interrogated witness further, and also for the reason that such statement and examination was a just and reasonable exercise of the judicial function.

9. WITNESSES, § 178*—*when questions put to witness objectionable in form.* Questions to a witness containing a positive assertion rather than a query, and which are in the form of a contradiction of the witness, are objectionable.